

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF I.....

07cv6936
JUDGE HIBBLER
MAG. JUDGE SCHENKIER

CHRISTOPHER KNOX
PLAINTIFF - PRO SE
_VS_

JURY-TRIAL DEMANDED

JAMES P. DORAN AND LISA MADIGAN. et al
DEFENDANTS.

**RECEIVED**
DEC 10 2007
DEC 10 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

COMPLAINT FOR, INJUNCTION RELIEF
DECLARATORY RELIEF, AND DAMAGES

NOW COMES PLAINTIFF, CHRISTOPHER KNOX, PROSE, COMPLAIN of DEFENDANTS, JAMES P. DORAN, AND LISA MADIGAN. AND STATES AS FOLLOWS...

NATURE OF THE CASE

1). ON OR ABOUT AUGUST 14 2006; PLAINTIFF, SIGNED FIVE (5) DOCUMENTS: (1). AN INDEMNITY ACT SETTLEMENT, RELEASE AND CERTIFICATION. (2). A SETTLEMENT AGREEMENT AND GENERAL RELEASE. (3). A RELEASE OF ATTORNEY'S LIEN AND WAIVER OF COSTS. (4). A STIPULATION TO DISMISS. (5). A STIPULATION TO DISMISS. (HEREINAFTER REFERRED TO AS "PLAINTIFF SETTLEMENT AGREEMENT.").

2). ACCORDING TO THE TERMS OF PLAINTIFF SETTLEMENT AGREEMENT, I AGREED TO SETTLED CASES 04-CV-7765; AND 06-CV-0018, WHICH WERE BOTH THEN PENDING BEFORE THE HONORABLE JUDGE: BLANCHE M. MANNING.

1

3). PLAINTIFF, ALLEGES THAT; PARAGRAPH "8. OF PLAINTIFF, SETTLEMENT AGREEMENT SPECIFICALLY STATES THAT PLAINTIFF, AGREED TO RELEASE THE ILLINOIS DEPARTMENT OF CORRECTIONS (HEREINAFTER REFERRED TO AS "IDOC") AND IT'S FORMER AND PRESENT EMPLOYEES FROM ALL ACTIONS, CLAIMS, OR CAUSES OF ACTION:

"which AROSE OR COULD HAVE ARISEN FROM THE FACTS ALLEGED OR CLAIMS MADE IN THE ACTIONS, OR ANY OTHER PENDING LITIGATION, which THE PLAINTIFF, OWNS, HAS OR MAY HAVE AGAINST THE RELEASEES, WHETHER KNOWN OR UNKNOWN, FROM THE BEGINNING OF TIME, UNTIL THE EFFECTIVE DATE OF THE SETTLEMENT AGREEMENT, INCLUDING BUT NOT LIMITED TO, THOSE AT LAW, IN TORT (INCLUDING ACTIONS UNDER 42 U.S.C. § 1983). OR IN EQUITY." IN CASE ENTITLED KNOX-VS-ROBERSON. ETAL. 04-CV-7765, AND KNOX-VS-MICHEL. ETAL 06-CV-0018 . . . . . . "

4). PLAINTIFF, ALLEGES THAT; AFTER HE HAD SIGNED THE FIVE (5) ABOVE LEGAL DOCUMENTS (REFERRED TO AS PLAINTIFF'S, SETTLEMENT AGREEMENT) DEFENDANTS, HAD NEGLIGENTLY. MALICIOUSLY. WITH A RECKLESS, DISREGARDS, AND KNOWINGLY FABRICATED THE TERMS OF THE SETTLEMENT AGREEMENT, AND THE LANGUAGE IN PARAGRAPH # 8, OF THE AGREEMENT . . .

5). PLAINTIFF, ALLEGE THAT; DEFENDANTS, FABRICATED THE TERMS OF THE SETTLEMENT AGREEMENT AND LANGUAGE IN PARAGRAPH # 8, OF THE SETTLEMENT AGREEMENT, WITHOUT THE CONCENT AND KNOWLEDGE OF THE PLAINTIFF . . . . .

6). PLAINTIFF, ALLEGE THAT; HE DID NOT ENTER INTO A SETTLEMENT AGREEMENT WITH IDOC'S FORMER AND PRESENT EMPLOYEES, STATE OF ILLINOIS, OR ANY OTHER BODY ENTITY OR WITH THE DEFENDANTS, TO FOREVER DISCHARGES ANY AND ALL CLAIMS ON ISSUES THAT WERE NOT PART OF THE UNIVERSAL SETTLEMENT IN CASE 04-CV-7765 AND 06-CV-0018....

7). PLAINTIFF, ALLEGE THAT; AS A RESULT OF DEFENDANT, NEGLIGENCES, AND RECKLESS DISREGARDS, OF DELETING INFORMATION FROM THE TERMS OF THE SETTLEMENT AGREEMENT AND PARAGRAPH # 8, OF THE AGREEMENT, IT'S HAS CAUSED PLAINTIFF, FROM INITIATING ANY FUTURE LITIGATION'S IN COURT, AND AS A RESULT OF THAT PLAINTIFF GRIEVANCES AND LAWSUIT'S HAS EITHER BEEN DENIED AND/OR DISMISSED

8). PLAINTIFF, ALLEGE THAT; FOR DEFENDANTS, FRAUDULENT CONDUCT PLAINTIFF, HAS BEING SUBJECTED TO ONEROUS CONDITIONS OF CONFINEMENT, PHYSICAL AND MENTAL ABUSE, AND HAS NO ADEQUATE REMEDY AT LAW....

9). PLAINTIFF, ALLEGE THAT; BOTH DEFENDANTS HAS ACTED IN BAD-FAITH IN THE PERFORMANCES OF THEIR OFFICIAL DUTIES, THAT CONTINUANCE TO VIOLATE PLAINTIFF CLEARLY ESTABLISHED STATUTORY AND CONSTITUTIONAL RIGHTS, CONSTITUTE IRREPARABLY HARM.....

## JURISDICTION AND VENUE

10). This action is brought pursuant to 42 U.S.C. § 1983, under the First, Eight, and Fourteenth, Amendments to the constitutions of the, state of Illinois and United States Const. Therefore this court has the jurisdiction over this action pursuant 28 U.S.C. §§ 1331 and 1343...

11). Declaratory relief, is sought pursuant to 28 U.S.C. §§ 2201 and 2202.. Venue is proper in the Northern District of Illinois, under 28 U.S.C. § 1391 (B). Because at least one of the defendants resides in the district and a substantial part of the events and omissions giving to plaintiff claims occurred in the Northern District of Illinois...

## LITIGATION HISTORY

12). Have you ever file a suit in state or federal court? ☒ Yes.

13). If your answer to question (1). is yes, how many? __18__

1). Knox -vs- Pierson, 99-616. 2). Knox -vs- Pierson, 01-1467. 3). Knox -vs- Pierson, 01-1316. 4). Knox -vs- Bryant, 02-4363. 5). Knox -vs- Hawkins, 02-06499... 6). Knox -vs- Wainscott, 03-1429. 7). Knox -vs- Spencer, 03-1074. 8). Knox -vs- Carlot, 03-1327. 9). Knox -vs- Schomig, 03-1377. 10). Knox -vs- Cox, 05-1017... 11). Knox -vs- Roberson, 04-7765. 12). Knox -vs- Fox, 06-5247. 13). Knox -vs- Michel, 06-0018. 14). Knox -vs- Walker, 07-1032. 15). Knox -vs- Dr. Powers, 07-508.. 16). Knox -vs- Kajtsa, 07-4855. 17). Knox -vs- Xyloia, 07-0814. 18). Knox -vs- Navarro, 07-50053...

## PARTIES

14). The plaintiff, Christopher Knox, is a resident of the state of Illinois. At all times prior to August/2006, plaintiff was an inmate incarcerated within the Illinois Department of Corrections. At Tamms Correctional Center (Tamms) located in Tamms, Illinois.

15). Upon information and belief, defendant, (AAG) James P. Doran, is a resident of the state of Illinois and at all relevant times hereto, was an employee of the state of Illinois, Attorney General office, acting under statutes, ordinances, regulations and customs of the state of Illinois and office of the Attorney General...

Defendant, James P. Doran, was at all times employed as a (Assistant Attorney General) of the state of Illinois. Defendant, Mr. Doran, is sued in both his personal and official capacities...

16). Upon information and belief, defendant, (AG) Lisa Madigan, is a resident of the state of Illinois and at all relevant times hereto, was an employee of the state of Illinois, Attorney General office. Acting under statutes, ordinances, regulations, and customs of the state of Illinois and office of the Attorney General...

Defendant, Lisa Madigan, was at all times employed as (Attorney General) of the state of Illinois. Defendant, Ms. Madigan, is sued in both her personal and official capacities...

5

## COUNT # 1
## NEGLIGENT / ATTORNEY MALPRACTICE

17). Plaintiff, allege that; on or about June 28 2006, Plaintiff and Defendant, James P. Doran, came to an settlement agreement in cases entitled; Christopher Knox -vs- Roberson, et. al. 04-CV-7765, Christopher Knox -vs- Michel. et. al. 06-CV-0018 . . . . .

18). Plaintiff, allege that; on or about August 14 2006, Plaintiff signed five (5) documents: (1). An indemnity act settlement, release and certification, (2). A settlement agreement and general release, (3). A release of attorney's lien and waiver of costs, and (4). A stipulation to dismiss, (5). A stipulation to dismiss (hereinafter collectively referred to as "Plaintiff's settlement agreement").

19). Plaintiff, allege that; the plain language of Plaintiff's settlement agreement specifically incorporates the release of all causes of action Plaintiff could have raised against the the IDOC as well as IDOC's former or present employees up to the effective date of the settlement agreement. In the cases entitled Knox -vs- Roberson. et. al. 04-CV-7765 and Knox -vs- Michel. et. al 06-CV-0018 . . . .

20). Plaintiff, allege that; according to the terms of the Plaintiff, settlement agreement, Plaintiff, agreed to settled cases titled, Knox -vs- Roberson, et al. 04-CV-7765. And Knox -vs- Michel. et. al 06-cv-0018; which both cases were then pending before the "Honorable Judge" Blanche M. Manning . . . .

21). Plaintiff, alleges that; Paragraph "Eight" of Plaintiff Settlement Agreement specifically stated that Plaintiff, agreed to release the Illinois Department of Corrections (Hereinafter referred to as "IDOC"). And its former and present employees from all actions, claims or causes of action...."

" which arose or could have arisen from the facts alleged or claims made in the action, or any other pending litigation, which Plaintiff, owns, has or may have against the releasees, whether known or unknown, from begining of time until the effective date of the Agreement. Including, but not limited to those at law in Tort (Including action under 42 U.S.C § 1983) or in Equity (emphasis added)" in cases titled Knox -vs- Roberson, et. al. 04-CV-7765, and Knox -vs- Michel et. al. 06-CV-0018......

22). Plaintiff, allege that; the plain language of the Settlement Agreement of Paragraph # 8, specifically had incorporated the Release of All causes of action Plaintiff could have raised against the IDOC as well as IDOC's former or present employees, up to the effective date of the Plaintiff Settlement Agreement... in cases entitled; Knox -vs- Roberson, et. al. 04-CV-7765... and also — — Knox -vs- Michel. et. al. 06-CV-0018......

23). Plaintiff, allege that; the plain language of Paragraph # 8 did not exclude or prevent Plaintiff from initiating any future litigation's under 42 U.S.C. § 1983, including but not limited to, those at law, in Tort........

7

24). PLAINTIFF, ALLEGE THAT; DEFENDANT, JAMES P. DORAN, WAS APPOINTED TO TO REPRESENT CERTAIN, IDOC's FORMER AND PRESENT IDOC's EMPLOYEES, IN CASES ENTITLED; KNOX -VS- ROBERSON. et AL 04-CV-7765, AND ALSO KNOX -VS- MICHEL. et AL. 06-CV-0018. WHICH BOTH CASES WAS PENDING BEFORE THE NORTHERN DISTRICT OF ILLINOIS DISTRICT COURT JUDGE. THE HONORABLE JUDGE. BLANCHE M. MANNING...

25). PLAINTIFF, ALLEGE THAT; THE HONORABLE JUDGE; BLANCHE M. MANNING, ON OR ABOUT AUGUST 30 2006, DISMISSED BOTH CASES WITH PREJUDICE BASE UPON STIPULATION TO DISMISS, IN CASES ENTITLED; KNOX -VS- ROBERSON. et AL. 04-CV-7765, AND KNOX -VS- MICHEL. et AL. 06-CV-0018 .....

26). PLAINTIFF, ALLEGE THAT; THE DISTRICT COURT, DID NOT RETAIN THE JURISDICTION OVER THE TERMS OF THE PLAINTIFF SETTLEMENT AGREEMENT, AND THUS COULD NOT ENFORCE THE TERMS OF A SETTLEMENT AGREEMENT...

27). PLAINTIFF, ALLEGE THAT; HE HAS FILED SEVERAL MOTION'S TO ENFORCE SETTLEMENT AGREEMENT, IN CASE ENTITLED; KNOX -VS- ROBERSON. et AL 04-CV-7765. EACH MOTION TO ENFORCE SETTLEMENT AGREEMENT OR ALTERNATIVE TO REINSTATE CAUSE; WERE DANIED BY THE HONORABLE JUDGE....  BLANCHE M. MANNING; STATING, THE COURT CLEARLY DISMISSED THIS CASE WITH PREJUDICE ON AUGUST 30 2006, STATING, " PURSUANT TO STIPULATION, THIS IS DISMISSED WITH PREJUDICE AND WITHOUT COSTS; AS REFLECTED IN THE LANGUAGE OF THE DISMISSAL ORDER, THE COURT DID NOT RETAIN JURISDICTION OVER THE SETTLEMENT AND THE TERMS OF THE SETTLEMENT; WERE NOT INCORPORATED INTO JUDGMENT. ( ENFORCEMENT OF A SETTLEMENT AGREEMENT IS NOT A CONTINUATION OR RENEWAL OF THE DISMISSED SUIT AND THUS REQUIRES IT'S OWN INDEPENDENT BASIS FOR JURISDICTION). COURT COULD NOT ENFORCE SETTLEMENT WHERE THE DISMISSAL ORDER DID NOT CONTAIN THE TERMS OF THE PARTIES' AGREEMENT...

8

28). Plaintiff. Allege that; The Honorable Judge, told Plaintiff in an court order. A claim for breach of a contract or settlement agreement, must be brought in state court. See Id. at 382. . . .

29). Plaintiff. Allege that; After he had signed all five (5) legal documents regarding Plaintiff settlement agreement, Defendant James P. Doran, ; negligently fabricated the terms of the settlement agreement, in the plain language of Plaintiff settlement agreement in paragraph #8. . . . .

30). Plaintiff. Allege that; Defendant, James P. Doran, ; negligently and maliciously and with a reckless disregards fabricated the terms of the settlement agreement. in the language in paragraph #8, which had clearly stated: The Plaintiff, his heirs, successor and assigns, agrees to release, and hereby releases and forever discharges the the defendants in their individual and official capacities, the IDOC, The state of Illinois, their agents, former and present employees, successors. heirs and assigns and all other persons (hereinafter collectively referred to as releasees") from all action, claims, demands, setoffs, suits, causes of action, controversies, disputes, equitable relief, compensatory and punitive damages, costs and expenses which arose or could have arisen from the facts alleged or claims made in the actions, or any other pending litigation, which the plaintiff owns, has or may have against the releasees, whether known or unknown, from beginning of time until the effective date of the agreement, including but not limited to, those at law, in tort (including actions under 42 U.S.C. § 1983) or in equity. In the cases entitled Knox-vs- Roberson. et al 04-cv-7765, And Knox-vs-Michel. et al 06-cv-0018.

9

31). Plaintiff, Allege that; Defendant, James P. Doran, had Negligently, Maliciousally and with a Reckless Disregards, knowingly deleted the cited cases in Knox-vs-Roberson, et al 04-CV-7765, and also, Knox-vs-Michel, et al 06-CV-0018 ..... From paragraph # 8, of the Plaintiff Settlement Agreement, and was done without notice or concent of the Plaintiff or to the Plaintiff. . . .

32). Plaintiff, Allege that; Defendant, James P. Doran, Negligently and Maliciousally, and with a Reckless Disregards, and deleted information from the terms of Plaintiff Settlement Agreement, which He knew would seems as ▬▬▬▬ if Plaintiff, has forever discharge any. and all Future litigation's, that He has or may have against IDOC's Former and Present employees . . . . .

33). Plaintiff, Allege that; Defendant, James P. Doran, Negligently Fabricated the terms of the August/2006 Settlement Agreement, which has Prevented, Plaintiff. From initiating any Future litigation's, under state law in tort or 42 U.S.C. 1983 actions, in state or Federal Court's, on issues that were not part of the Universal Settlement Agreement, in cases entitled; Knox-vs-Roberson, et al 04-CV-7765, and Knox-vs-Michel, et al 06-CV-0018 . . . .

34). Plaintiff, Allege that; on or about February 12 2007, Plaintiff Filed another Civil Rights Complaint, in the Northern District Court, Case Title; Knox-vs-Iylola, et al 07-CV-0814, which were then Pending before the Honorable Judge; Blanche M. Manning . . . who granted Plaintiff, leave to proceed in Forma Pauperis, and order that the clerk, order Marshall to serve the Defendants, in case title; Knox-vs-Iylola, et al 07-CV-0814 . . . . .

10

35). Plaintiff, allege that; on or about August 16 2007, Assistant Attorney General ( ▇▇▇ Austin E. Franklin) filed a motion to dismiss, Plaintiff, complaint, in case title.; Knox -vs- Iyola. et al 07-cv-0814. (AAG) Mr. Franklin, based his motion to dismiss, on the terms of Plaintiff settlement agreement, in cases entitled, Knox -vs- Roberson. et al 04-cv-7765, and Knox -vs- Michel. et al 06-cv-0018.. and (AAG) Mr. Franklin, had attached the the terms of the settlement agreement, to support his arguments in his motion to dismiss...

36). Plaintiff, allege that; on or about August 16 2007, he had discovered that; Defendant, James P. Doran, had fabricated the the terms of the settlement agreement, by negligently and maliciously, and with a reckless disregards, knowingly had deleted case citing from paragraph # 8, of Plaintiff settlement agreement. The cases, Defendant, James P. Doran, deleted were the Knox -vs- Roberson. et al 04-cv-7765, and Knox -vs- Michel. et al 06-cv-0018.

37). Plaintiff, allege that; He was not given an adequate opportunity to refute, the defendants motion to dismiss, in case title Knox -vs- Iyola. et al 07-cv-0814. And the Honorable Judge, had converted the defendants motion to dismiss; into a motion for summary judgment. Again Plaintiff, wasn't given an adequate opportunity to refute the defendants motion for summary judgment..

38). Plaintiff, allege that; on or about September 20 2007, the Honorable Judge; Blanche M. Manning. Granted the defendants motion for summary judgment; based on the plain language of Plaintiff settlement agreement, and the language in paragraph # 8 of the settlement agreement.....

11

39). Plaintiff, allege that; as a result of defendant: Mr. Doran negligence, and maliciously, and with a reckless disregards, and knowingly, deleted cited cases. Title.; Knox-vs- Roberson. et al 04-cv-7765, and Knox -vs- Michel. et al. 06-cv-0018, from the terms of the settlement agreement and from paragraph #8, of the agreement. It has subjected plaintiff, to onerous conditions of confinement in the following:

(A) Excessive use of force. (B). Denial of medical care. (C). Due process violations. (D). Psychological conditions of confinement. (E). Denial of mental health care. (F). Retaliatory conduct. (G). Denial of meaningful access to the courts. (H). Denial of the rights to petition the government for redress of grievances....

40). Plaintiff, allege that; He is being subjected to the above violations, due to defendant, James P. Doran, negligence of knowingly deleting cases from the terms of the settlement agreement, and from the plain language of paragraph #8, of the agreement. which as if, it seemed as if plaintiff, had agreed to forever discharges the IDOC, or IDOC's former and present employees, from any or all action's, to initiate future litigation's against IDOC's former and present employees.

41). Plaintiff, allege that; He did not enter into a settlement agreement, with the defendant, James P. Doran, that exclude or prevent plaintiff, from initiating future litigations against the IDOC, state of Illinois or any other body entity, that were not part of the universal settlement agreement, in Knox-vs- Roberson. et al 04-cv-7765, and Knox-vs- Michel. et al 06-cv-0018....

12

42). Plaintiff, Allege that; Defendant, James P. Doran, committed fraud by fabricating and deleting terms from the Settlement Agreement, and from the plain language of paragraph # 8, of the Agreement, without the concent of Plaintiff, or notifying Plaintiff. . . .

43). Plaintiff, Allege that; Defendant, James P. Doran, has prevented Plaintiff from initiation of future litigation's against IDOC's, former and present employees. And because Defendant, James P. Doran, has fraudulently deleted terms of the Settlement Agreement, all Plaintiff, grievance's, law suit's, against IDOC's, former and present employees, has been dismissed or/and denied. Based upon the fabricated terms of the Settlement Agreement, which is preventing Plaintiff, from instigating future litigation's on events that has accounter prior to the effective date of the agreement of August 14 2006.

44). Plaintiff, Allege that; He has notified the Defendant, Lisa Madigan; of the action's of Defendant, James P. Doran. And what physical and irrepocable injury his conduct has caused the Plaintiff . . . . .

45). Plaintiff, Allege that; He told Defendant, Lisa Madigan, that He did not enter into a Settlement Agreement with the Defendant James P. Doran, that exclude or prevent future litigation's against IDOC's former and present employees, state of Illinois or any other body entity. That were not part of the universal Settlement Agreement, in Knox -vs- Roberson. et al 04-cv-7765. And Knox -vs- Michel. et al 06-cv-0018 . . . . .

46). PLAINTIFF, ALLEGE THAT; HE ASKED DEFENDANT, LISA MADIGAN, TO REMEDY THE SITUATION, BECAUSE PLAINTIFF, IS BEING SUBJECTED TO BOTH PHYSICAL AND IRREPARABLE HARM, WHICH REQUIRED COURT INTERVENTION. DEFENDANT, LISA MADIGAN, HAS FAILED AND HAS REFUSED TO INTERVENE, IN THESE ONGOING AND CONTINUATION OF VIOLATING PLAINTIFF, CLEARLY ESTABLISHED STATUTORY AND CONSTITUTIONAL RIGHTS. UNDER THE STATE OF ILLINOIS AND UNITED STATES OF AMERICA. . . . . .

47). PLAINTIFF, ALLEGE THAT; FOR THE ACT's DESCRIBED ABOVE, THE DEFENDANTS, MR. DORAN. AND MS. MADIGAN, HAS ACTED FRAUDULENTLY TOWARDS PLAINTIFF CLEARLY ESTABLISHED STATUTORY AND CONSTITUTIONAL RIGHTS, THAT ARE SECURED UNDER THE STATE OF ILLINOIS AND UNITED STATES CONSTITUTIONS. . . . . .

48). PLAINTIFF, ALLEGE THAT; THIS IS AN ONGOING AND CONTINUOUS MATTER WITH THE DEFENDANTS, JAMES P. DORAN, AND LISA MADIGAN. AND IN DOING SO, BOTH DEFENDANTS, HAS ACTED IN A NEGLIGENTLY, MALICIOUSALLY, AND WITH A RECKLESS DISREGARDS TOWARDS PLAINTIFF, CLEARLY ESTABLISHED STATUTORY AND CONSTITUTIONAL RIGHTS. AND HAS ACTED IN BAD-FAITH IN THE PERFORMANCE OF THEIR INDIVIDUAL AND OFFICIAL DUTIES. . . . . . .

14

## Count # 2
### Negligence's

49). Plaintiff, reallege paragraphs (1-50). as if sets forth fully herein.

## Count # 3
### Fraud

50). Plaintiff, reallege paragraphs (1-50). as if sets forth fully herein..

## Count # 4
### Declaratory Relief

51). Plaintiff, reallege paragraphs (1-50). as if sets forth fully herein.

(A). There is an actual controversy between the parties requiring the court to declare the rights and other legal relations of the parties...

## Count # 5
### Injunctive Relief

52). Plaintiff, reallege paragraphs (1-50). as if sets forth fully herein.

(B). Unless enjoined from doing so, defendants will continue to wilfully violated the rights of plaintiff. Those continuing violations constitute irrepocable injury, for which the plaintiff have no adequate remedy at law....

Wherefore, plaintiff, request this court to grant the following relief..

(A). Declare that the actions and inaction of Defendants described herein have violated and continue to violate the Plaintiff, clearly established statutory and constitutional rights, that are secured under the First, Eight, Fourteenth Amendments, to the Constitutions of, the state of Illinois and United States...

(B). Enjoin Defendants from engaging in any action or conduct, or failing to act in any way, that violates the Plaintiff, clearly established statutory and constitutional rights or the above mentioned rights....

(C). Order Defendants to take all action necessary to remedy the violations of Plaintiff above mentioned rights. that are continuing to be violated based on the Fraudulent, settlement Agreement, and the language in Paragraph #8. of the settlement Agreement.

(D). Order Defendants to change the term of the settlement Agreement back to its original Form, as in Paragraph # (30). of this Complaint....

(E). Award Plaintiff, a Judgment against Defendants, separately and jointly for compensatory damages in the amount of Fourty-Five (45,000,000,00) Million dollars...

(F). Award Plaintiff, a Judgment against Defendant, separately and jointly for Punitive damages in the amount of Thirty-Five (35,000,000,00) Million dollars...

(G). AWARD PLAINTIFF, A JUDGMENT AGAINST DEFENDANTS, SEPARATELY AND JOINTLY FOR ATTORNEY'S FEES AND COSTS....

(H). AWARD PLAINTIFF, A JUDGMENT AGAINST DEFENDANTS SEPARATELY AND JOINTLY FOR ANY OTHER RELIEF THAT THIS COURT DEEMS JUST AND PROPER....

RESPECTFULLY SUBMITTED

Christopher Knop    B61090

200 E. SUPERMAX RD
TAMMS, ILLINOIS 62988

## Certificate of Services

I, Christopher Knox, hereby certifies that a true and correct 1-original and 4 copies of the complaint, has been served upon....

To: Clerk of the Court
219 S. Dearborn St.
Chicago, Illinois 60604

By causing, to be placed in a prepaid envelope, duly addressed to the above name party, at the address above. And placing documents in the United States mail, in Tamms, Illinois, on 5 day of December 5, 2007.....

Respectfully submitted

Christopher Knox       B61090

200 E. Supermax. rd
Tamms, Illinois 62988

18